UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

OKLAHOMA MUNICIPAL ASSURANCE )
GROUP and COMPSOURCE MUTUAL )
INSURANCE COMPANY )
                                              )
                 **Plaintiffs,** )
                                              )
v. )          Case No. 17-CV-0062-CVE-TLW
                                              )
**CROSSLAND CONSTRUCTION** )
**COMPANY, INC. and CROSSLAND** )
**HEAVY CONTRACTORS, INC.,** )
                                              )
                 **Defendants.** )

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion to Remand (Dkt. # 12). Plaintiffs argue that 28 U.S.C. § 1445(c) bars removal of this case because it arises under Oklahoma's workers' compensation laws. Dkt. # 12, at 5. Defendants respond that this suit arises under Oklahoma tort law and that § 1445(c) is not applicable. Dkt. # 15, at 7.

### I.

This case involves a workers' compensation subrogation claim. Plaintiffs provided workers' compensation coverage for the City of Grove, Delaware County, State of Oklahoma (the City) during the relevant time period. Dkt # 12-1, at 1. Robert Bartley was employed by the City as a plant operator. Id. On or about February 14, 2014, Bartley fell into an unmarked construction hole and was injured. Id. at 1-2. Plaintiffs allege that the hole was left by defendants and that Bartley's injuries were solely caused by the negligence of defendants and their agents. Id. at 2. Bartley filed

a workers' compensation claim to recover for his injuries, and plaintiffs have paid over $90,000 in benefits to date. Id.; Dkt. # 12, at 2.

On February 8, 2016, plaintiffs filed this suit in the District Court of Delaware County, State of Oklahoma. Dkt. # 12-1. Plaintiffs assert that Bartley's injuries were caused by defendants' negligence and, therefore, they have a right to subrogation under Okla. Stat. tit. 85A, § 43B. Dkt. # 12, at 2. Defendants were served on January 20, 2017. Dkt. # 2-1, at 3. On February 8, 2017, defendants removed the case to this Court. Dkt. # 2. Plaintiffs now move to remand, arguing that 28 U.S.C. § 1445(c) bars removal of this case because it arises under Oklahoma's workers' compensation laws. Dkt. # 12, at 5.

## II.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). Section 1441(a) allows a defendant to remove most civil actions from state court to federal court over which the federal court would have original jurisdiction. However, this provision is subject to the restriction provided in 28 U.S.C. § 1445(c), which states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

### III.

Whether a claim "arises under the state workers' compensation law for purposes of the removal statutes is a question of federal law." Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). The only guidance from the Tenth Circuit on the scope of § 1445(c) comes from Suder, which involved a claim of retaliation for filing a workers' compensation claim. To determine whether workers' compensation retaliation claims fell under § 1445(c), the Tenth Circuit adopted the test formulated by the Eighth Circuit in Humphrey v. Sequentia, Inc., 58 F.3d 1238 (8th Cir. 1995), which states:

> Under the plain meaning of the [removal] statute, where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be non-removable, subject only to the complete preemption doctrine.

Suder, 116 F.3d at 1352 (quoting Humphrey, 58 F.3d at 1246) (alteration in original). Oklahoma's workers' compensation statute prohibited retaliation for filing a workers' compensation claim. See id. (quoting Okla. Stat. tit. 58, § 5 (repealed 2011)).[1] Thus, the Tenth Circuit determined that workers' compensation retaliatory discharge claims arise under Oklahoma's workers' compensation laws and are therefore nonremovable. Id. at 1353.

As applied by federal courts, the key question under the Humphrey test is whether the state's workers' compensation statute creates the specific right of action. What types of claims are barred from removal by § 1445(c) may be inconsistent across district courts, but cases generally turn on whether the right to bring the claim was created in the state's workers' compensation statutes. For

---

[1] Workers' compensation retaliation is now prohibited at Okla. Stat. tit. 85A, § 7 in a form very similar to the statute in force at the time Suder was decided.

3

example, in Zurich American Insurance Co. v. General Motors Corp., 242 F. Supp. 2d 736 (E.D. Cal. 2003), a district court in California held that § 1445(c) barred removal of a subrogation claim because the state's workers' compensation laws "create[d] a cause of action for subrogation with respect to workers' compensation benefits that would not otherwise be available at common law." Zurich, 242 F. Supp. 2d at 737-38; see also Pemiscot-Dunklin Elec. Coop. v. Jacobson, No. 1:06-CV-18-LMB, 2006 WL 2432026 (E.D. Mo. Aug. 18, 2006) (finding that under the Humphrey test a subrogation claim fell under § 1445(c) because Missouri's workers' compensation created the cause of action). On the other hand, in Spearman v. Exxon Coal USA, Inc., the Seventh Circuit found that a workers' compensation retaliation case did not arise under Illinois's workers' compensation laws where the claim was created as an "independent tort action" by the Illinois courts. Spearman, 16 F.3d at 725; see also Bray v. Automatan, LLC, 167 F. Supp. 3d 770, 773-74 (D.S.C. 2016) (holding that a subrogation claim was removable because South Carolina's workers' compensation laws did not fundamentally alter what was essentially a common law tort claim).

Here, plaintiffs assert a right to subrogation pursuant to Okla. Stat. tit. 85A, § 43B, which states that "[a]n employer or carrier liable for compensation under [the workers' compensation act] for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death." The Oklahoma Supreme Court has explained that "the legislature did not intend the enactment of the Workers' Compensation Act to abrogate or modify rights of the insurance carrier who seeks indemnification for the amount paid by it because

of its contractual obligation." Prettyman v. Halliburton Co., 841 P.2d 573, 577 (Okla. 1992);[2] cf. Spearman, 16 F.3d at 725 (discussing whether the Illinois Supreme Court considered the claim at issue a part of Illinois's workers' compensation law). Moreover, the Oklahoma Supreme Court has stated that "an insurance carrier's right to subrogation is not dependent on [workers' compensation law]" because "[s]ubrogation is an equitable right and where one has been subjected to liability and suffered a loss thereby on account of the negligence of another, one has a right of action against the other for indemnity." Id. at 577 n.1 (citing Aetna Cas. Co. v. Assocs. Transports Inc., 512 P.2d 137 (Okla. 1973); Travelers Ins. Co. v. Leedy, 450 F.2d 898 (Okla. 1969); Stinchcomb v. Dodson, 126 P.2d 257 (Okla. 1942); State Ins. Fund v. Smith, 88 P.2d 895 (Okla. 1939)). Thus, the purpose of § 43B is to protect a right to subrogation, not create one. See id. at 577 ("[O]nce the insurer is subrogated, [workers' compensation law] protects its right to maintain an action against the third

---

[2] In 1992, when Prettyman was decided, workers' compensation subrogation claims were governed by Okla. Stat. tit. 85, § 44 (repealed 2011). Section 44 differs from the current law, Okla. Stat. tit. 85A, § 43B, with regard to the procedure an insurance carrier must follow before bringing a claim. Under § 44, an injured worker had to choose whether to take compensation under the Workers' Compensation Act, or bring suit against the third-party tortfeasor. Okla. Stat. tit. 85, § 44(a) (repealed 2011). If the worker chose to take compensation under the Workers' Compensation Act, the insurance carrier had the right to subrogation and could bring a tort claim against the third party. Id. Under § 43B, an insurance carrier has "the right to maintain an action in tort against any third party responsible for the [claimant's] injury or death," but "the carrier shall notify the claimant in writing that the claimant has the right to hire a private attorney to pursue any benefits to which the claimant is entitled in addition to the subrogation interest against any third party responsible for the injury or death." Okla. Stat. tit. 85A, § 43B. Although the Oklahoma Supreme Court was considering a different version of the workers' compensation laws in Prettyman, an insurance carrier's substantive rights with regard to a third-party tortfeasor when a claimant has collected on a workers' compensation claim have not changed. Under either statute, plaintiffs would have the right to bring a negligence claim against defendants and the claim would be determined by Oklahoma common law. Because the substance of the claim is unchanged, Prettyman's statements on the substance of subrogation claims are unaffected by other changes in the workers' compensation laws.

5

party tort-feasor it its own name."). This interpretation is bolstered by the text of § 43B, which states that an insurance carrier has "the right to maintain an action in tort against any third party responsible for the injury or death." Okla. Stat. tit. 85A, § 43B. Consequently, § 43B "does not change the fundamental character of the claim, which is still preserved within [Oklahoma's] common law tort system." Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 131, 127 (4th Cir. 1995). Unlike a workers' compensation retaliation claim, which can only be brought because the right is created by Oklahoma's workers' compensation laws, a workers' compensation subrogation claim is created by Oklahoma common law. Under the Humphrey test, a subrogation claim does not arise under the workers' compensation laws of Oklahoma.

In sum, plaintiffs' claim is essentially a negligence claim, and the substance of the claim is governed by Oklahoma common law. Oklahoma's workers' compensation laws protect plaintiffs' right to bring the claim, but plaintiffs' right is independent of Oklahoma's workers' compensation laws. Thus, plaintiffs' subrogation claim does not arise under the workers' compensation laws of Oklahoma and 28 U.S.C. § 1445(c) does not bar removal.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand (Dkt. # 12) is **denied**.

**DATED** this 27th day of March, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE